IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 45397/49478

| | |
|---|---|
| LEOTIS B. BRANIGH, III, | ) |
| | ) |
| Petitioner-Appellant, | ) Filed: December 8, 2023 |
| | ) |
| v. | ) Melanie Gagnepain, Clerk |
| | ) |
| STATE OF IDAHO, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Respondent. | ) BE CITED AS AUTHORITY |
| | ) |
| LEOTIS B. BRANIGH, III, | ) |
| | ) |
| Petitioner-Respondent-Cross-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| STATE OF IDAHO, | ) |
| | ) |
| Respondent-Appellant-Cross-Respondent. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jeff M. Brudie, District Judge. Hon. Mark Monson, District Judge.

Order denying motion to file second amended petition, affirmed; judgment granting post-conviction relief, reversed and case vacated.

Nevin, Benjamin & McKay LLP; Dennis Benjamin, Boise, for appellant, respondent-cross-appellant. Dennis Benjamin argued.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent, appellant-cross-respondent. John C. McKinney argued.

_____

GRATTON, Judge

The State of Idaho appeals from the district court's order granting Leotis B. Branigh, III post-conviction relief. Branigh cross-appeals from the district court's denial of his motion to file

1

a second amended petition. We affirm the district court's order denying Branigh's motion to file a second amended petition and reverse the district court's order granting post-conviction relief and a new trial.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Branigh was charged with first degree murder. At trial in 2008, Branigh chose to represent himself after jury selection, with appointed counsel standing by as advisory counsel only. Branigh was convicted and sentenced to life in prison. This Court affirmed the conviction. *State v. Branigh*, 155 Idaho 404, 313 P.3d 732 (Ct. App. 2013).

In 2014, Branigh filed a pro se petition for post-conviction relief, but he was eventually appointed counsel. The State filed a motion for summary dismissal which was granted. Branigh was then appointed new counsel, and the district court vacated its prior judgment and withdrew its order granting summary dismissal. Branigh filed an amended petition alleging four grounds for relief, including eleven claims of ineffective assistance of counsel.[1] Branigh's amended petition alleged his trial counsel provided ineffective assistance prior to Branigh's self-representation. Among other new claims in the amended petition, Branigh asserted that trial counsel failed to timely communicate unilateral changes in trial strategy (change of strategy claim).

Following the amendment, the State orally renewed its prior motion for summary dismissal. The State did not address or provide a separate basis for dismissal of the newly raised claims in Branigh's amended petition. Ultimately, the district court denied Branigh's petition and granted the State's motion for summary dismissal, including the ineffective assistance claim as to trial counsel's performance as advisory counsel and as counsel prior to Branigh's self-representation.

Branigh appealed and identified five ineffective assistance of counsel claims from his amended petition that the district court had dismissed sua sponte without adequate notice. Branigh claimed that as to those five claims, the district court dismissed on grounds other than those asserted in the initial motion for dismissal filed by the State. In response, the State filed a motion

---

[1]     Branigh's amended petition alleged four grounds for relief: (1) fundamental error as waiver of counsel violated Sixth Amendment; (2) ineffective assistance of counsel (nine claims concerned trial counsel's pretrial representation); (3) cumulative error; and (4) violations of federal and Idaho constitutional rights.

2

for remand and to suspend appellate proceedings, agreeing that Branigh had not been given the twenty-days notice of the grounds for dismissal of the five claims. *See* Idaho Code § 19-4906(b). The Idaho Supreme Court granted the State's motion and remanded the case for further proceedings.

On remand, Branigh sought leave to file a second amended petition. Branigh asserted another ineffective assistance of counsel claim alleging trial counsel failed to raise Branigh's mental health issues as disqualifying self-representation. The State objected. The district court denied the motion to amend.

At a hearing, the State requested the district court provide twenty-days notice of the specific grounds for the court's intent to dismiss the five claims and then re-issue the prior order granting summary dismissal. The district court instead ordered an evidentiary hearing to address Branigh's ineffective assistance claims prior to self-representation. Almost two years later, the district court held an evidentiary hearing and granted Branigh post-conviction relief based on ineffective assistance of counsel relative to the change of strategy claim. The district court set aside Branigh's conviction and ordered a new trial.

The State appeals from the district court's order granting post-conviction relief (Docket No. 49478), and Branigh cross-appeals the denial of his second motion to amend his petition. The State's appeal was consolidated with Branigh's original appeal (Docket No. 45397).

## II.

## STANDARD OF REVIEW

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the district court's factual findings unless they are clearly erroneous. Idaho Rule of Civil Procedure 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of

3

the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

## III.

## ANALYSIS

On appeal, the State argues the district court erred in granting post-conviction relief because Branigh's change of strategy claim was not properly before the court as it was dismissed and not raised on the initial appeal. The State argues the remand embraced only the five claims specifically identified in the appeal as sua sponte dismissed by the district court and anything else was barred by principles of finality. Alternatively, if the district court properly considered the change of strategy claim upon remand, then the State asserts that the district court erred in finding the ineffective assistance of counsel claim meritorious. Branigh contends that res judicata and law of the case principles of finality are inapplicable and unpreserved because there is no final judgment regarding all the claims raised in the amended petition.

On cross-appeal, Branigh argues the district court erred in denying his motion to file a second amended petition to allege an additional ineffective assistance of counsel claim because the court had authority to consider other issues in the interest of justice and the remand was not exclusive or did not preclude additional issues. Branigh claims the district court correctly granted a new trial but if the order granting a new trial is reversed or vacated, he requests that this Court grant relief on his cross-appeal and remand for further proceedings. The State argues the district court did not abuse its discretion in denying Branigh's second motion to amend his petition.

### A. Claims Raised and Preserved on Initial Appeal

We turn first to the question of the status of claims raised in this post-conviction proceeding, claims preserved on the initial appeal, and the scope of the remand. The parties argue the applicability of the finality concepts of res judicata and law of the case. The State asserts the district court erred in considering the change of strategy claim because Branigh did not include it in his original appeal and, therefore, it could not be considered upon remand. The State argues the remand following the improper dismissal was to address only the five claims specifically identified in the appeal as sua sponte dismissed by the district court; therefore, anything else is res judicata or law of the case which precludes consideration of Branigh's other claims of ineffective assistance of counsel occurring prior to Branigh's self-representation. Branigh contends that res judicata and/or law of the case are inapplicable and unpreserved; there is no final judgment regarding the

4

change of strategy claim; and the district court properly considered the change of strategy claim on remand.

The State continues to argue, as it did below, that the district court did not have the ability to address the change of strategy claim because of principles of res judicata.[2] On appeal, however, the State primarily argues the law of the case doctrine. The State argues that, because Branigh abandoned and waived all other claims, any assertion now that the remand applied to all ineffective assistance of counsel claims is an "improper attempt to get a second bite of the apple." The remand, according to the State, applied to matters occurring in the same case, and thus, the change of strategy claim's dismissal became law of the case. "The law of the case doctrine bars the relitigation of issues in a single case and its subsequent progress, both in the trial court and in subsequent appeals." *Id*. The law of the case doctrine "prevents consideration on a subsequent appeal of alleged errors that might have been, but were not, raised in the earlier appeal." *State v. Hawkins*, 155 Idaho 69, 72, 305 P.3d 513, 516 (2013) (quoting *Taylor v. Maile*, 146 Idaho 705, 709, 201 P.3d 1282, 1286 (2009)). In *Capps v. Wood*, 117 Idaho 614, 617-618, 790 P.2d 395, 398-399 (1990), a settlement agreement issue was not initially raised on appeal but the parties testified about it during trial. On appeal after remand, the Court first concluded there "simply was no final 'judgment' that would stand as a bar under res judicata to the assertion of new claims or theories . . . on the remand." *Id.* at 618, 790 P.3d at 399. The Court continued:

> However, under the "law of the case" principle, on a second or subsequent appeal the courts generally will not consider errors which arose prior to the first appeal and which might have been raised as issues in the earlier appeal. *See* 5 AM.JUR.2d Appeal and Error § 752 (1962). This approach discourages piecemeal appeals and

---

[2]    Res judicata prevents the litigation of causes of action which were finally decided in a previous suit. *Gubler By and Through Gubler v. Brydon*, 125 Idaho 107, 110, 867 P.2d 981, 984 (1994). The review of a trial court's ruling on whether an action is barred by res judicata is a question of law over which this Court has de novo review. *Ticor Title Co. v. Stanion*, 144 Idaho 119, 122, 157 P.2d 613, 616 (2007). The doctrine of res judicata covers both claim preclusion (true res judicata) and issue preclusion (collateral estoppel). *Id.* The principles of res judicata apply when a petitioner attempts to raise the same issues previously ruled upon on direct appeal or in a subsequent petition for post-conviction relief. *Knutsen v. State*, 144 Idaho 433, 439, 163 P.3d 222, 228 (Ct. App. 2007). Res judicata's claim preclusive effects require: (1) actions involving the same parties; (2) the claim was presented in the first action or could have been raised; and (3) the first action resulted in a final judgment on the merits. *State v. Shanahan*, 165 Idaho 343, 352-53, 445 P.3d 152, 161-62 (2019).

is consistent with the broad scope of claim preclusion under the analogous doctrine of res judicata. We hold that the alleged settlement agreement is not a viable issue in the present appeal because it was embraced by the judgment from which the first appeal was taken yet was not raised in that appeal.

*Id.*

Whether framed as res judicata, law of the case, or another finality concept, upon remand the State raised and preserved the issue of the finality of the district court's judgment as to all but the five specifically listed issues raised in the initial appeal. Branigh claimed in his initial appellate brief that the district court dismissed the following claims without providing the required twenty-days notice of the basis for dismissal: trial counsel (1) should have moved for a continuance once he learned Branigh intended to proceed pro se; (2) erroneously advised Branigh the court would not grant a continuance; (3) allowed a conflicted juror to remain; (4) did not provide a Discovery Compliance disclosing witnesses; and (5) failed to adequately subpoena witnesses. Yet, Branigh's post-conviction petition alleged additional claims that were dismissed as well, including the change of strategy claim, which were not included in the appeal.[3]

Branigh acknowledges he did not specifically raise the change of strategy claim on appeal but asserts it was encompassed among the other improperly dismissed claims. This argument lacks merit under appellate preservation rules. Once Branigh failed to challenge the summary dismissal of the change of strategy claim, the claim was waived and not preserved for any further action on remand.

After Branigh appealed, the State moved for remand of the issues raised on appeal in order that the district court might provide proper notice, which was the issue raised on appeal. The motion noted that: "On appeal, Branigh only challenges the summary dismissal of five claims that alleged trial counsel was ineffective during the time he represented Branigh through jury selection before Branigh was allowed to represent himself at trial *pro se*." In addition, the motion stated:

> The district court was required to give Branigh 20-day notice of the specific grounds for its intent to dismiss the ineffectiveness claims in Branigh's amended

---

[3]     Branigh's other ineffective assistance of counsel allegations included that trial counsel: (a) was not prepared on the date the trial began; (c) failed to provide evidence necessary for the court to find change in venue proper; (d) failed to request a continuance after the court reversed its phone records suppression decision; (h) failed to prepare defense exhibits prior to trial; *(i) failed to communicate changes in strategy and tactics*; (j) failed to adequately assist with trial objections; and (k) failed to advise regarding objections to the State. Branigh also alleged four other claims relating to other counsel.

petition--including those that pertain to [trial counsel's] representation prior to Branigh's self-representation. Because no such notice was provided to Branigh, summary dismissal of those claims on this basis cannot be affirmed, and remand is necessary to afford Branigh proper notice of the grounds for summary dismissal of those claims.

Branigh acknowledges that the change of strategy claim was one of the claims dismissed by the district court prior to his original appeal. He further acknowledges that the change of strategy claim was not listed as one of the claims at issue on appeal. Yet, he argues that the change of strategy claim was not waived, there was no final judgment as to that claim, and the district court properly considered the claim on remand. An issue that is not raised on appeal is generally waived. *Sirius LC v. Erickson*, 150 Idaho 80, 85 n.1, 244 P.3d 224, 229 n.1 (2010) ("Because neither party has appealed this issue, it is waived."). Unless a statute or rule provides otherwise, "the trial court's jurisdiction . . . expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal." *State v. McIntosh*, 160 Idaho 1, 6, 368 P.3d 621, 626 (2016) (quoting *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003)). Therefore, once Branigh failed to challenge the summary dismissal of all but the five specific claims, following forty-two days, they were waived and final. *See* Idaho Appellate Rule 14(a).[4]

In regard to the scope of remand, "The general rule is that, on remand, a trial court has authority to take actions it is specifically directed to take, or those which are subsidiary to the actions directed by the appellate court." *State v. Hosey*, 134 Idaho 883, 886, 11 P.3d 1101, 1104 (2000).[5] The Idaho Supreme Court's remand order directed the district court to remedy the deficient notice for its intent to dismiss the five identified ineffective assistance of counsel claims. The Supreme Court's order did not provide for a re-opening of the case.[6] Rather, the Supreme

---

[4]    Branigh contends that if the change of strategy claim was not remanded, then the original appeal is not moot because he sought review of all issues improperly dismissed. To the extent Branigh did not pursue claims upon remand, they are waived and final. Any issue as to the claims in Docket No. 45397 are now moot.

[5]    *See Walters v. State*, 130 Idaho 836, 838, 949 P.2d 223, 225 (1997) (trial court's jurisdiction following amended remittitur did not include consideration of request to amend complaint because constitutional claims were not a subsidiary issue); *accord United States v. McKinley*, 227 F.3d 716, 718 (6th Cir. 2000) ("[W]hen a party fails to seek review of a district court's final order, it is barred from reasserting that issue in any subsequent appeals occurring in that case.").

[6]    Thus, the district court did not err in denying Branigh's motion to amend his petition upon remand.

7

Court, reviewing the State's motion for remand that recited the raised claims, ordered remand for notice for those claims. The change of strategy claim was neither raised nor remanded. Accordingly, the scope upon remand instructed the district court to provide notice for those claims for which appellate jurisdiction was invoked. The district court was without authority or jurisdiction to entertain the change of strategy claim on remand and erred in entertaining and granting relief on that claim. We, therefore, vacate the judgment of the district court granting post-conviction relief and reverse the order for a new trial.

**B. Branigh's Post-Conviction Ineffective Assistance of Trial Counsel Claims**

The district court erred in relying on the changed strategy claim to grant relief. Even if Branigh had preserved that claim on appeal the evidence was insufficient to establish ineffective assistance of counsel.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231(Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. Tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *State v. Yakovac*, 145 Idaho 437, 444, 180 P.3d 476, 483 (2008); *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

When examining counsel's choice of witnesses, manner of cross-examination, and objections, we generally presume the performance was within the range of acceptability as tactical or strategic decisions. *Marsalis v. State*, 166 Idaho 334, 340, 458 P.3d 203, 209 (2020); *Thumm*

8

*v. State*, 165 Idaho 405, 413, 447 P.3d 853, 861 (2019). Because "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight," a petitioner seeking post-conviction relief for a claim of ineffective assistance of trial counsel must overcome the strong presumption that counsel made all significant decisions in the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 689-90; *State v. Abdullah*, 158 Idaho 386, 418, 348 P.3d 1, 33 (2015).

Counsel has a duty to consult regarding overarching defense strategies and "important decisions" with the client but is not required to obtain consent for every tactical decision. *Florida v. Nixon*, 543 U.S. 175, 187 (2004). The failure to discuss significant strategic decisions may constitute deficient performance. *Stanfield v. State*, 165 Idaho 889, 899 n.4, 454 P.3d 531, 541 n.4 (2019) (declining to address deficient performance when counsel had not discussed with client or requested lesser-included offense jury instructions). However, strategic decisions do not automatically require consultation, and the lack of consultation does not constitute per se deficient performance. *See United States v. Plitman*, 194 F.3d 59, 63 (2d Cir. 1999) (observing that counsel may decide strategic and tactical matters such as selective introduction of evidence without consultation with client). "An ineffective assistance claim based on counsel's failure to present evidence cannot satisfy the deficient performance or resulting prejudice prongs without providing the substance of the potential testimony or other admissible evidence of facts counsel should have discovered and presented." *Knutsen*, 144 Idaho at 443, 163 P.3d at 232.

According to the district court, because trial counsel failed to timely communicate the changed strategy, it prejudiced Branigh as it led to a breakdown in his attorney-client relationship. Branigh testified that something had changed after the jury was sworn in and that he felt compelled to represent himself. The district court found Branigh's unrebutted assertions established deficient performance sufficient to undermine confidence in the outcome of the trial. The district court acknowledged that "nothing in the record . . . provides an explanation of what [trial counsel's] trial strategy actually was, and how it diverged from Branigh's." Nevertheless, the district court held the unrebutted assertions established trial counsel unilaterally changed the trial strategy, and these changes should have, at a minimum, been communicated to Branigh before the morning of trial.

Branigh's testimony did not identify what the change entailed, how it differed from his proposed approach, or how it was deficient. There is no evidence what the change in trial strategy was, if it involved an important decision, or that it was outside the realm of reasonable professional

judgment.[7] Simply because Branigh disagreed with his counsel about something, the content of which is unidentified, is insufficient to establish deficient performance. In the district court's original opinion, prior to remand, it found Branigh offered only his subjective interpretation of the events and, despite trial counsel's preparation, opted to represent himself. Branigh provides no citation to relevant authority supporting his argument that disagreements over strategy or changes constitute per se deficient performance.

Trial counsel should present the most productive defense and may decline presenting their client's requested trial tactic if the overall goals align. Counsel determines what arguments to pursue, what evidentiary objections to raise, and what agreements to conclude regarding the admission of evidence. Branigh failed to establish trial counsel's change of strategy, whatever it was, was an important decision that required conference nor has he shown the change or other claims were based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. Although the State did not rebut Branigh's assertions, the burden was on Branigh, and we presume trial counsel's performance was within the acceptable range of tactical or strategic decisions. Therefore, the district court erred in finding deficient performance based on Branigh's assertions that a disagreement led to a breakdown in the attorney-client relationship, and we do not address the prejudice prong. Accordingly, the district court erred in finding ineffective assistance of counsel because its decision rested on precluded claims.

## IV.
## CONCLUSION

The district court did not have authority to consider a waived claim on remand and erred in granting relief on that claim. Therefore, the district court's order granting a new trial is reversed and its judgment is vacated. The district court's order denying Branigh's motion to file a second amended petition is affirmed.

Chief Judge LORELLO and Judge Pro Tem MELANSON **CONCUR**.

---

[7] At the evidentiary hearing, an attorney who had discussed with trial counsel his representation of Branigh, testified trial counsel had prepared six or seven witnesses but had not subpoenaed all the witnesses Branigh wanted and had not communicated a change in trial strategy. Branigh testified that trial counsel rejected his requested tactics (which involved playing music for a witness), stated he was running the show, and then walked away before the start of trial.