**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50643**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 28, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| KLEE LEE MORRISON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Jonathan P. Brody, District Judge.

Order denying Idaho Criminal Rule 35(a) motion, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

Klee Lee Morrison appeals from the denial of his Idaho Criminal Rule 35(a) motion to correct an illegal sentence. Morrison pled guilty to one felony count of aiding and abetting the unlawful taking of protected wildlife. Morrison asserts the district court erred by denying his motion because the court lacked subject matter jurisdiction to sentence him as an adult since he was a juvenile at the time of his conviction. We affirm.

**I.**

**FACTURAL AND PROCEDURAL HISTORY**

In 2001, at sixteen years of age, Morrison pled guilty in district court to one felony count of aiding and abetting the unlawful taking of protected wildlife. The district court suspended a unified sentence of five years, with one year determinate, and placed Morrison on probation for

1

five years. In 2014, thirteen years after the entry of judgment, Morrison filed a petition for post-conviction relief. Morrison claimed that the district court lacked subject matter jurisdiction over his case because he was a juvenile at the time he committed the offense. Morrison also asserted that his post-conviction petition was not barred by the one-year statute of limitations for filing a post-conviction petition because jurisdictional issues may be raised at any time, and therefore he was entitled to equitable tolling. The district court concluded that Morrison's failure to raise the jurisdictional issue prior to entry of his guilty plea precluded him from raising the issue and dismissed the petition as untimely.

On appeal from the dismissal of his post-conviction petition, this Court held that Morrison waived the jurisdictional issue by not asserting it before entering his guilty plea, the difference between juvenile and adult court is not a proper subject matter jurisdiction claim, and his petition was untimely. *See Morrison v. State*, Docket No. 42918 (Ct. App. Nov. 10, 2015) (unpublished). The district court's order granting the State's motion for summary dismissal was affirmed.

In February 2023, Morrison filed a pro se I.C.R. 35(a) motion, claiming his sentence is illegal because the district court did not have subject matter jurisdiction over his case since he was a juvenile at the time he was convicted. The district court denied the motion, stating: "Issue was decided in CV-2015-507.[1] Law of the case/claim preclusion bar relief." Morrison appeals.

## II.

## STANDARD OF REVIEW

The appellate courts exercise free review on an I.C.R. 35(a) motion to correct an illegal sentence. *State v. McKinney*, 153 Idaho 837, 840, 291 P.3d 1036, 1039 (2013). The issue of whether an action is barred by res judicata is a question of law over which we exercise free review. *State v. Rhoades*, 134 Idaho 862, 863, 11 P.3d 481, 482 (2000).

## III.

## ANALYSIS

"Mindful" of the doctrine of res judicata, Morrison challenges the district court's denial of his I.C.R. 35(a) motion. The State argues that because Morrison failed to challenge the alternative basis for denying his motion, i.e., application of the law of the case doctrine, this Court should

---

[1] Docket No. CV-2015-507 was the prior post-conviction case.

affirm on that basis. Also, the State argues that, even if this Court addresses the doctrine of res judicata, the district court must be affirmed.

The law of the case doctrine is well established in Idaho. *Berrett v. Clark Cnty. School Dist. No. 161*, 165 Idaho 913, 921, 454 P.3d 555, 563 (2019). Under the law of the case doctrine, judicial pronouncements must be adhered to throughout subsequent proceedings, both in the trial court and upon subsequent appeal. *State v. Garcia*, 170 Idaho 708, 714, 516 P.3d 578, 584 (2022). The underlying purpose of the doctrine is to maintain consistency and avoid reconsideration of matters once decided during the course of a single, continuous lawsuit. *Garcia*, 170 Idaho at 714, 516 P.3d 584.

The related, but separate, doctrine of res judicata precludes re-litigation of issues that have been previously decided in a final judgment or decision in an action between the same litigants. *State v. Wolfe*, 158 Idaho 55, 63, 343 P.3d 497, 505 (2015). *Res judicata* consists of claim and issue preclusion. *State v. Shanahan*, 165 Idaho 343, 352, 445 P.3d 152, 161 (2019). Res judicata applies to subject matter jurisdiction claims. *Wolfe*, 158 Idaho at 63, 343 P.3d at 505.

The district court denied Morrison's Rule 35(a) motion because the issue was decided in CV-2015-507, and thus relief was barred by both the law of the case doctrine and the doctrine of claim preclusion. However, on appeal, Morrison only argues the district court erred in the application of res judicata. Where a lower court makes a ruling based on two alternative grounds and only one of those grounds is challenged on appeal, the appellate court must affirm on the uncontested basis. *Rich v. State*, 159 Idaho 553, 555, 364 P.3d 254, 256 (2015).

Even addressing the question of res judicata, the district court correctly determined the doctrine of res judicata precludes re-litigation of the issue raised. Morrison maintains the same position he took in the district court, that his sentence is illegal because the district court did not have jurisdiction over his case since he was a juvenile at the time, and the juvenile jurisdiction statute did not exclude felony fish and game violations. This is precisely the same argument Morrison made in his post-conviction case. *See Morrison*, Docket No. 42918 at 1, 3. These arguments were considered and rejected by the district court in its order summarily dismissing his post-conviction petition, which this Court affirmed. *Id*. at 1-4. Therefore, the district court did not err in denying Morrison's I.C.R. 35(a) motion.

3

**IV.**

**CONCLUSION**

The district court did not err in denying Morrison's I.C.R. 35(a) motion to correct an illegal sentence. Therefore, the district court's order denying Morrison's I.C.R. 35(a) motion is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.