# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51773

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

RODRICK DARRELL BURNS, aka
RODRICK DARELL BURNS,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed:  February 3, 2026

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Cynthia Yee-Wallace, District Judge.

Amended order for restitution and judgment, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Michael MacEgan, Deputy Attorney General, Boise, for respondent.

---

TRIBE, Chief Judge

Rodrick Darrell Burns appeals from the district court's amended order for restitution and judgment.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Burns entered an *Alford*[1] plea to domestic battery in the presence of a child (Idaho Code §§ 18-918(2), -903(a), -918(4)) and two counts of misdemeanor battery (I.C. § 18-903(a)).  The district court sentenced Burns to a unified term of twenty years, with a minimum period of incarceration of ten years, for domestic battery in the presence of a child and two unified terms of

---

[1]    *See North Carolina v. Alford*, 400 U.S. 25 (1970).

180 days, with credit for time served, for each misdemeanor battery conviction. All sentences were ordered to run concurrently with each other.[2]

The State sought restitution for the victims. Over multiple days, the district court held an evidentiary hearing, at which five witnesses testified regarding the economic losses they sustained as a result of Burns's conduct. Burns objected to the requested amount and argued that the district court should consider his inability to pay as well as the amount of interest that will accrue over his minimum ten-year term of incarceration. Following the hearing, the district court entered an amended order for restitution and judgment[3] granting the State's request for restitution in the amount of $7,173.76. Burns appeals.

## II.

## STANDARD OF REVIEW

Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. The decision of whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Torrez*, 156 Idaho 118, 119, 320 P.3d 1277, 1278 (Ct. App. 2014); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). Thus, we will not overturn an order of restitution unless an abuse of discretion is shown. *Torrez*, 156 Idaho at 120, 320 P.3d at 1279. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

---

[2]    This Court affirmed Burns's judgment of conviction and sentences in an unpublished opinion. *See State v. Burns*, Docket No. 50585 (Ct. App. Dec. 19, 2023).

[3]    An amended order was entered after the State requested, without objection, to reallocate the figures.

## III.

## ANALYSIS

Burns argues the district court abused its discretion by ordering restitution in the amount of $7,173.76 without adequately considering his financial resources, needs, or earning ability. Specifically, Burns argues that, when the district court determined the amount of restitution, it abused its discretion because it did not act consistently with the language of I.C. § 19-5304(7) as interpreted by the Idaho Supreme Court in *State v. Garcia*, 170 Idaho 708, 516 P.3d 578 (2022). The State asserts that Burns's argument fails because the district court properly acknowledged his objection to restitution and that the district court's implicit findings concerning his ability to pay are supported by evidence in the record.

The Idaho Constitution grants crime victims numerous rights. IDAHO CONST. art. I, § 22. One such right is the right to restitution, as provided by law, from the person committing the offense that caused the victim's loss. IDAHO CONST. art. I § 22(7). Idaho Code Section 19-5304 defines a crime victim's right to restitution. "Unless the court determines that an order of restitution would be inappropriate or undesirable, it shall order a defendant found guilty of any crime which results in an economic loss to the victim to make restitution to the victim." I.C. § 19-5304(2). The restitution ordered may be "complete, partial, or nominal." *Id*. In exercising this discretion, a trial court must consider the factors set out in I.C. § 19-5304(7):

> The court, in determining whether to order restitution and the amount of such restitution, shall consider the amount of economic loss sustained by the victim as a result of the offense, the financial resources, needs and earning ability of the defendant, and such other factors as the court deems appropriate. The immediate inability to pay restitution by a defendant shall not be, in and of itself, a reason to not order restitution.

*Garcia*, 170 Idaho at 712, 516 P.3d at 582. If a defendant does not have the immediate ability to pay restitution, a trial court may order restitution if, after considering the above factors, it finds a foreseeable ability to pay restitution. *Id*.

When reviewing a restitution order for an abuse of discretion, this Court applies the framework articulated in *Garcia*, including whether the district court acted within the boundaries of its discretion and reached its decision through an exercise of reason. *Id*. In determining whether there is substantial evidence to show that a defendant has the foreseeable ability to pay restitution, a trial court is not "required to divine a defendant's future financial capabilities," nor should a victim's right to restitution be limited to what is known about the defendant's financial

3

circumstances at the time of sentencing. *State v. Garcia*, 166 Idaho 661, 683, 462 P.3d 1125, 1147 (2020).

Here, unlike *Garcia* (170 Idaho 708, 516 P.3d 578), the record supports an inference that the district court considered the statutory factors set forth in I.C. § 19-5304(7). The district court issued a written order granting the State's request for restitution. The order provides that restitution is appropriate under I.C. § 19-5304 based on the evidence presented at the evidentiary hearing, and the district court acknowledged Burns's objection to the amount of restitution and his request that the district court consider his inability to pay. The district court further recited the statutory language of I.C. § 19-5304(7), reflecting awareness of the governing factors.

On appeal, Burns argues that the district court failed to consider his financial resources, needs and earning ability, but his assertion is not supported by the record. Although the restitution order does not contain express findings addressing Burns's financial resources, needs or earning ability, Idaho law does not require explicit findings on each statutory factor where the record permits an inference that the district court considered them. *See State v. Deboer*, 168 Idaho 520, 524, 484 P.3d 204, 208 (Ct. App. 2021) (holding that we will "not presume the district court did not consider the information before it"). Further, the record here is not silent. Burns's presentence investigation report describes his financial circumstances; employment history, including steady employment for several years prior to sentencing; and an intent to continue working upon release. The district court had the opportunity to review the presentence investigation report prior to sentencing, and though corrections were made to other portions of the report, Burns did not seek to correct any portion which indicated his ability to secure employment and meet his financial obligations.

From the record, it is reasonable to infer that the district court considered the statutory factors set forth in I.C. § 19-5304(7). A review of the entire record, including the district court's reference to the statutory framework and its recognition of Burns's objection, shows the district court exercised reason when deciding whether to order Burns to pay restitution. *See Garcia*, 170 Idaho at 712, 516 P.3d at 582. The record shows the district court acted within the boundaries of its discretion and reached its decision through an exercise of reason. Accordingly, Burns has failed to demonstrate that the district court abused its discretion.

## IV.

## CONCLUSION

Burns has failed to show that the district court abused its discretion by ordering restitution in the amount of $7,173.76.  The district court's amended order for restitution and judgment is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.