**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47840**

|  |  |  |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed: January 28, 2021** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | |
| SETH JORDAN DEBOER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of three years, for trafficking in methamphetamine, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Garth S. McCarty, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Seth Jordan Deboer appeals from his judgment of conviction for trafficking in methamphetamine. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Law enforcement conducted an ongoing drug investigation that involved Deboer. As part of that investigation, a police officer arranged a controlled buy from Deboer. Ultimately, the State charged Deboer with trafficking in methamphetamine (28 grams or more), I.C. § 37-2732B(a)(4)(A). Pursuant to a plea agreement, Deboer pled guilty to the charged offense, and the State agreed not to charge Deboer with possession of heroin based on a separate incident and to dismiss charges in two other cases, which included possession of heroin and aiding

1

and abetting delivery of methamphetamine. The State also agreed to recommend a unified ten-year sentence, with three years determinate. Deboer requested the mandatory minimum three-year sentence with no indeterminate time. The district court imposed the sentence recommended by the State. Deboer appeals.

## II.

## STANDARD OF REVIEW

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Deboer argues at length that the indeterminate portion of his sentence is excessive and constitutes an abuse of discretion. Deboer begins by faulting the district court for making "few specific factual findings to explain its reasoning." According to Deboer, without such factual findings, this Court cannot appropriately review how the district court concluded that Deboer "deserved" a seven-year, indeterminate term, which is "more than the legally required sentence." Deboer's argument fails. Although it is helpful for trial courts to state the reasons for a sentence, it is not mandatory. *State v. Nield*, 106 Idaho 665, 666, 682 P.2d 618, 619 (1984). Further, Deboer cites no authority to support the proposition that a trial court is required to make specific factual findings beyond considering the objectives of sentencing. Those objectives include the protection of society, deterrence, rehabilitation, and retribution. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). As the Idaho Supreme Court has noted: "Sentencing is less a science than an art." *State v. Windom*, 150 Idaho 873, 879, 253 P.3d 310, 316 (2011). On appeal, a defendant challenging his or her sentence bears the burden of showing the sentence imposed is excessive under *any* reasonable view of the facts. *Toohill*, 103 Idaho at 568, 650 P.2d at 710. Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we

2

conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982).

At sentencing, the district court expressly noted the objectives of sentencing as well as the nature of the offense, Deboer's character, and mitigating and aggravating information. The district court then explained its sentencing decision:

> You were and are a drug dealer. You ruin lives. You ruin communities. There are people that will sit where you're sitting today, and every Monday that I'm in court, whose lives have been ruined because they've been introduced to drugs, often at a very early age, and you, perhaps desperate, but nonetheless decided to profit in that.
>
> You are the type of person for which the mandatory minimums were designed, and I have no problem with that in this case. It's deserved. Now, that doesn't mean that you don't have the capacity to be a good person who is law abiding, but this is not the way to achieve that.
>
> You're going to go [to] prison after you leave here today, and what happens after that then will be up to you, how you decide to spend your time in prison and prepare yourself, who you decide to associate with and how you prepare yourself for your future. You can come out of this, earn parole, go to work and keep your nose clean or you can continue down this same pattern of use and abuse of drugs as well as profiteering from them, in which case you'll be back and you'll be facing the potential for actually spending the good portion of your life incarcerated. I hope you do take advantage of time that you have to figure out a different path.

Contrary to Deboer's claims on appeal, the foregoing comments reflect an exercise of reason and the appropriate consideration of relevant sentencing considerations.

Deboer also faults the district court for failing to "reasonably assess several significant mitigating facts," including his substance abuse history and amenability to treatment. With respect to his history of substance abuse, Deboer cites the details included in the presentence investigation report, which date back to his alcohol use beginning at age twelve, ending with his chemical dependence on heroin at the time of his arrest at age twenty-seven. Deboer contends the district court "failed to adequately acknowledge or even mention these significant facts." The district court was not, however, required to chronicle Deboer's substance abuse history prior to imposing sentence. Moreover, Deboer recited this history to the district court prior to imposition of sentence, and the district court expressly noted it considered the parties' arguments and reviewed the presentence materials in which Deboer's history is documented. There is no basis to conclude that

the district court did not "adequately acknowledge" Deboer's substance history particularly since the district court specifically noted his "use and abuse of drugs" in its sentencing comments.

As for Deboer's argument that he is amenable to treatment, he disclosed to the presentence investigator that he had attended only two weeks of a methadone clinic during his lifetime despite recognizing that he had severe addictions to alcohol, marijuana, and heroin that required treatment. Moreover, the record belies Deboer's contention that the district court presumed a lengthy prison sentence was necessary to rehabilitate him. The determinate portion of Deboer's sentence is limited to the mandatory minimum of three years. I.C. § 37-2732B(a)(4)(A) (establishing a mandatory minimum three-year term of incarceration for trafficking in methamphetamine). There is a presumption that the determinate portion of Deboer's sentence will be his probable term of confinement. *See State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Whether Deboer serves more than the determinate portion of his sentence is a decision left to the discretion of the parole board. *Id.* Thus, the district court afforded Deboer the opportunity to demonstrate that he can be rehabilitated in the community after serving the mandatory minimum term.

Deboer also complains that the district court did not mention the "significant fact" that this is his first felony conviction. Again, the district court was not required to do so and this argument ignores the full picture of Deboer's criminal history, including the charges that were dismissed as part of his plea agreement. Additionally, although the absence of a prior criminal record is a mitigating factor courts consider at sentencing, the addition of a first felony conviction to an existing lengthy criminal record is not. *Cf. State v. Miller*, 151 Idaho 828, 836, 264 P.3d 935, 943 (2011) (rejecting the contention that the absence of prior violent offenses from a defendant's criminal history is a mitigating factor). This is not Deboer's first conviction. Deboer's criminal history includes eleven prior misdemeanor convictions for offenses ranging from driving without privileges to battery. If anything, Deboer's criminal history shows escalating criminality, not that his most recent criminal conduct was an aberration.

Deboer further argues that he unequivocally accepted responsibility for his criminal conduct. However, Deboer then asserts "there is no indication in the record that the district court appropriately weighed" that law enforcement "encouraged him to become a drug addict or to associate with drug dealers in the first place." The encouragement Deboer references is controlled drug buys in which undercover officers offered to purchase a few hundred dollars' worth of illicit

substances. However, in other instances, Deboer initiated contact with the officers and sought to establish a long-term, drug-distributor relationship. Not only will we not presume the district court did not consider the information before it, as the district court said it did, we do not reweigh the evidence on appeal from a discretionary sentencing decision. *See Windom*, 150 Idaho at 879, 253 P.3d at 316.

The remaining factors Deboer cites (*e.g.*, his willingness to pay restitution, unstable upbringing, employment history, and good behavior while in pretrial custody) do not demonstrate that Deboer's sentence is excessive. Deboer's determinate period of incarceration is the mandatory minimum. The district court recognized it had the discretion to impose a longer indeterminate term and did so through an exercise of reason based upon what the district court found was the threat Deboer posed to society as an individual willing to sell drugs to feed his own addictions.

Deboer has failed to show the district court abused its discretion in sentencing hm to a unified term of ten years, with a minimum period of confinement of three years. Consequently, Deboer's judgment of conviction and sentence are affirmed.

Chief Judge HUSKEY and Judge GRATTON, **CONCUR**.