**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52096**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 8, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| PIERRE G. LAKE, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Madison County. Hon. Steven W. Boyce, District Judge.

Order of restitution, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Pierre G. Lake appeals from the district court's order of restitution. Lake claims the district court abused its discretion by failing to recognize that it had discretion to consider his inability to pay when determining the appropriate amount of restitution. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to a binding plea agreement, Lake pled guilty to one count of first degree murder, Idaho Code §§ 18-4001, -4002, -4003(a), 19-2520, one count of attempted first degree murder, I.C. §§ 18-4001, -4002, -4003, -306, 19-2520, and the district court sentenced Lake to life in prison, with thirty years determinate. As a term of the plea agreement, Lake agreed "[t]o pay full restitution." The State submitted a motion for restitution in the amount of $146,256.95. The district court held a hearing on the motion. At the hearing, Lake did not dispute the validity of the

1

State's request but argued the district court should consider his "inability to pay under Idaho Code Section 31-3201 and also Idaho Criminal Rule 33." Thereafter, the district court entered a written order granting the State's motion and ordering restitution in the full amount of $146,256.95. Lake appeals.

## II.

## STANDARD OF REVIEW

Idaho Code § 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. The decision of whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Torrez*, 156 Idaho 118, 119, 320 P.3d 1277, 1278 (Ct. App. 2014); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). Thus, we will not overturn an order of restitution unless an abuse of discretion is shown. *Torrez*, 156 Idaho at 120, 320 P.3d at 1279. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Lake claims the district court abused its discretion by ordering restitution without recognizing it was required to consider Lake's ability to pay under I.C. § 19-5304(7). The State argues that Lake's claim is unpreserved or barred by the doctrine of invited error because he only argued that the district court should consider his ability to pay under I.C. § 31-3201 and I.C.R. 33, not I.C. § 19-5304(7). The State alternatively argues that Lake released the district court from any obligation to consider his ability to pay by agreeing to "pay full restitution," which constitutes a waiver of his right to challenge the restitution order. Finally, the State argues the record supports the district court's discretionary decision to not reduce the restitution award based on Lake's purported inability to pay.

2

In the district court, Lake argued the district court should consider his inability to pay, due to the long determinate portion of his sentence, "under Idaho Code Section 31-3201 and also Idaho Criminal Rule 33." In requesting that the district court consider his inability to pay, Lake argued:

> And in other cases where someone is given a long prison sentence, then the courts have acknowledged the inability to pay under Idaho Code section 31-3201 and also Idaho Criminal Rule 33, that the Court can take into account a long prison sentence in ruling that restitution or fines or fees or costs is not going to be ordered because of their inability to pay.

The district court responded, "I'm just looking at Rule 33, which talks about waiver of fees and costs. And is it your argument that restitution would fall within that provision?" to which defense counsel responded, "Yes." Lake did not cite I.C. § 19-5304(7) as the basis for his argument.

On appeal, Lake acknowledges that the authority he cited is inapplicable but argues, nonetheless, that does not obviate the requirement that the district court follow the correct law. A party preserves an issue for appeal by properly presenting the issue with argument and authority to the trial court or if the trial court issues an adverse ruling. *State v. Miramontes*, 170 Idaho 920, 924-25, 517 P.3d 849, 853-54 (2022). Generally, appellate courts will not hold that a trial court erred in making a decision on an issue or a party's position on an issue that it did not have the opportunity to address. *State v. Gonzalez*, 165 Idaho 95, 99, 439 P.3d 1267, 1271 (2019).

If we accepted Lake's argument, there would be no preservation requirement. A party would be relieved of any obligation to cite to the rule or statute guiding the decision on the issue raised. We decline Lake's invitation to disregard preservation requirements. Because Lake did not argue the applicability of I.C. § 19-5304(7), we decline to consider it on appeal. *See State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992) (holding issues not raised below may not be considered for the first time on appeal).

Alternatively, the State argues that Lake invited any error by the district court in failing to apply I.C. § 19-5304(7). The doctrine of invited error applies to estop a party from asserting an error when that party's conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). The purpose of the doctrine is to prevent a party who caused or played an important role in prompting the trial court to take action from later challenging that decision on appeal. *State v. Barr*, 166 Idaho 783, 786, 463 P.3d 1286, 1289 (2020). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996).

Lake agreed to pay full restitution in the binding plea agreement. The district court accepted the plea agreement and ordered full restitution. Consequently, if the district court erred by ordering full restitution without considering Lake's inability to pay under I.C. § 19-5304(7), that error was invited by Lake, and he is barred from challenging it on appeal. In response, Lake argues the invited error doctrine only precludes a defendant from "consciously" inviting the district court to act and then claiming error based on that action. *Barr*, 166 Idaho at 786, 463 P.3d at 1289. However, other than claiming he did not consciously invite error, Lake points to no evidence of his claimed lack of understanding of the effect of the terms of the plea agreement. The record does not support a claim that Lake did not consciously agree to the terms of the plea agreement or the consequences of his agreement to "pay full restitution."

The State also argues that Lake waived the issue of his ability to pay by agreeing to "pay full restitution." A defendant can waive constitutional and statutory rights through a plea agreement. *State v. Murphy*, 125 Idaho 456, 457, 872 P.3d 719, 720 (1994). As to a binding plea agreement, if the district court accepts that plea agreement, "it will be bound by the terms of the plea agreement in the final disposition of the case." I.C.R. 11(f)(3). The appellate courts analyze the terms of a plea agreement as it would a contract; in so doing, it looks to the contractual terms of a plea agreement. *State v. Foeller*, 168 Idaho 884, 887, 489 P.3d 795, 798 (2021).

The State asserts that, while the plea agreement allowed Lake to challenge the "fine, civil penalty, etc.," Lake is bound by his promise to pay full restitution and may not now claim the district court erred in failing to analyze his ability to pay the full amount of restitution. The State notes in *Foeller* and *State v. Wilde*, 174 Idaho 617, 621, 558 P.3d 1081, 1085 (2024), the Court held a defendant does not waive a claim that the district court failed to apply certain statutory criteria when the plea agreement references the statute under which restitution is sought. Here, the State argues, the binding plea agreement does not reference I.C. § 19-5304(7) and so Lake waived any requirement that the district court apply I.C. § 19-5304(7).[1] Because Lake agreed to pay the full amount of restitution, without reservation in the binding plea agreement, he has waived any argument that the district court failed to consider his inability to pay.

---

[1] The State acknowledges that the prosecutor below did not assert Lake's argument was waived by the plea agreement but argues that issues within the scope of a plea agreement may be asserted by the State for the first time on appeal. *See State v. Taylor*, 157 Idaho 369, 372, 336 P.3d 302, 305 (Ct. App. 2014) (holding "that the State is not precluded from asserting for the first time in its respondent's brief that Taylor waived his right to appeal").

In response, Lake acknowledges the language in the plea agreement does not include the "per statute" language in *Foeller* and *Wilde*. However, Lake contends it should be implied. "This Court must consider contractual terms that are expressly provided in the plea agreement, as well as those contractual terms that are implied." *Foeller*, 168 Idaho at 888, 489 P.3d at 799 (citation omitted). Lake argues that despite the language of the plea agreement, a district court cannot order restitution not authorized by statute. Consequently, Lake claims the plea agreement should be read to include the requirement that the district court abide by and apply the factors set out in I.C. § 19-5304(7). However, even if the plea agreement here implicitly limits the district court in ordering restitution as to the type of losses or expenses that may be reimbursed through restitution, the plea agreement does not imply a limitation based on Lake's inability to pay. In fact, the express language, if not the clear implication, is that Lake waived any inquiry into his ability to pay by his agreement to pay restitution in full.

Finally, even if the district court was required to consider Lake's inability to pay, the State claims the record demonstrates that the district court adequately considered Lake's ability to pay. In determining whether to order restitution and the amount of such restitution, the district court must consider the amount of economic loss sustained by the victim, and the financial resources, needs, and earning ability of the defendant. I.C. § 19-5304(7). "A district court's determination that a defendant has a foreseeable ability to repay the award is a factual finding that will not be disturbed on appeal if supported by substantial evidence." *State v. Garcia*, 166 Idaho 661, 681-82, 462 P.3d 1125, 1145-46 (2020). In its restitution order, the district court noted that its discretionary decision is "guided by consideration of the factors set forth in I.C. § 19-5304(7)." The district court stated it was rendering its decision "after consideration of the pleadings on record herein and the arguments presented at a hearing on the motion." In a subheading, the district court stated, "The Defendant's inability to pay does not affect the merits of the restitution order." The district court acknowledged that it "must address whether the Defendant's inability to pay the Restitution order effects the merits of the claim." As noted, Lake argued only that the length of his sentence demonstrated an inability to pay and presented no evidence in support of the claim. The district court found no evidence was presented to dispute the merits of the State's claim for restitution. The district court ordered restitution "[b]ased on a preponderance of the evidence and pursuant to I.C. § 19-5304." While the district court noted the authority cited by Lake was not applicable, and did not expressly correct Lake's argument by pointing out that he should have cited

I.C. § 19-5304(7), the district court considered the substantive argument (Lake's inability to pay), the lack of evidence in support, and made its decision after consideration of the statutory factors. We do not presume the district court did not consider the information before it. *See State v. Deboer*, 168 Idaho 520, 524, 484 P.3d 204, 208 (Ct. App. 2021). Lake fails to demonstrate error in the district court's award of restitution.

## IV.

## CONCLUSION

The district court did not err in its award of restitution to the State. Therefore, the district court's order of restitution is affirmed.

Judge HUSKEY and Judge TRIBE **CONCUR**.