**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51850**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 30, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) |
| GEORGE MAXWELL KIEFER, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cynthia Yee-Wallace, District Judge.

Judgment of conviction and unified sentence of seven years, with a minimum period of confinement of two years, for aggravated battery, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Kierra W. Mai, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

George Maxwell Kiefer pled guilty to aggravated battery. I.C. §§ 18-903(a), 18-907(1)(a), and 19-2520. In exchange for his guilty plea, an additional charge that he is a persistent violator was dismissed. The district court sentenced Kiefer to a unified term of seven years, with a minimum period of confinement of two years, to be served consecutively to an unrelated sentence. Kiefer filed an I.C.R. 35 motion, which the district court denied. Kiefer appeals, arguing that his sentence is excessive and that the district court erred in denying his Rule 35 motion for reduction of sentence. Kiefer primarily argues that the district court did not "adequately" consider his mental health condition in either imposing sentence or in deciding his request for Rule 35 relief. In support of his arguments, Kiefer details his "mental health struggles" and contends the district court should

1

have given those struggles "more weight." According to Kiefer, the record reveals the district court "failed to consider" and "disregarded" his mental health because the district court "made no mention" of his "mental health diagnoses" and did not "acknowledge" he was "diagnosed with co-occurring mental health disorders." As to his Rule 35 motion, Kiefer argues the district court abused its discretion because, in its written order denying the motion, the district court did "not once discuss[ ] his mental health records other than to note that they had been submitted in support of his motion." From this, Kiefer argues it is "clear" that the district court did not consider the new information [he] submitted." Kiefer has failed to show the district court abused its sentencing discretion with respect to the imposition of sentence or in denying his request for Rule 35 relief.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

At the change of plea hearing, when asked whether he suffered from any "psychological or mental issues that could have a bearing on his case," Kiefer answered, "No." In providing a factual basis for his guilty plea, Kiefer explained that "the incident was a mixture that was a great example of fight or flight" and that he was "on a medication that caused [him] to be more violent which over stimulated the brain and made it seem okay to do what [he] was going to do." Kiefer also explained that the incident began as "horseplay" that "got out of hand." Kiefer also noted his "mental health wasn't exactly up to par," nor was the victim's mental health.

At sentencing, Kiefer began his recommendation by highlighting that he received "institutional punishment" for the offense since it incurred in prison and was committed against another inmate. Kiefer then noted that he had done well since and was moved to general population. Kiefer's subsequent comments addressed his remorse, his consideration of a self-defense claim before he decided to plead guilty, and the victim's alleged "propensity for violence,"

2

before he turned to discussing his mental health. As to his mental health, Kiefer advised the district court that he "takes his mental health very seriously," as reflected in the certificates he received since the aggravated battery. Kiefer noted he was "trying to be on the right medications" and thought he was on them at sentencing. Kiefer asked the district court to "take into consideration his mental health" before returning to highlighting his positive role in prison since the aggravated battery and reiterating the change in his mental health medications. Finally, as part of his allocution, Kiefer stated:

> I got a lot of certificates here. Not only were they fun and experience to have, I also influenced a lot of people to want to get more involved into mental health. And it's become the most number one priority in my life, to be mental health driven. I will definitely teach this stuff to my kids.

Before imposing sentence, the district court stated:

> I have considered the entire record in your case. I have also considered the comments that were made in court today. I recognize that I have discretion in sentencing you. I've considered the *Toohill* factors of protection of society, deterrence of the individual and the public generally, rehabilitation and punishment, as well as the factors set forth in Idaho Code [Section] 19-2521.

The district court expressly acknowledged Kiefer "has engaged in a lot of programming" and commended him for doing so. The district court also noted Kiefer's "very long, very long, concerning criminal history," the "level of violence inflicted on the victim," and Kiefer's changing versions of what occurred. Based on the applicable standards and the mitigating and aggravating factors, the district court imposed a unified sentence of seven years, with a minimum period of confinement of two years. That the district court did not highlight various aspects of Kiefer's mental health history, which the district court also did not highlight at sentencing, does not demonstrate that the district court did not consider the mental health information before it. As noted, the district court expressly noted the certificates Kiefer earned and indicated it considered the *entire* record and the comments made at sentencing. We will not presume the district court did not consider the information before it, as the district court said it did, nor will we reweigh the evidence on appeal from a discretionary sentencing decision. *See State v. Deboer*, 168 Idaho 520, 524, 484 P.3d 204, 208 (Ct. App. 2021).

We similarly decline to reweigh the evidence Kiefer submitted in support of his Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency,

addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).

In his Rule 35 motion, Kiefer requested leniency in the form of reduced sentence--from seven years (with a minimum period of confinement of two years) to one year (with a minimum period of confinement of six months) to "allow [him] the opportunity to continue to show that he has changed his behavior and allow the Department of Corrections to determine when [he] is eligible for parole sooner." The documents Kiefer filed in support of his motion included a series of Mental Health Individualized Treatment Plans (dated January 11, 2023; March 29, 2023; and June 21, 2023), which predated his April 23, 2024, sentencing hearing by several months to more than one year. Kiefer also filed several handwritten pages in which he reiterated his remorse for the aggravated battery, identified his mental health progress, and explained his version of events. Substantively, it is unclear if this information qualifies as new since it is generally repetitive of the arguments Kiefer made at sentencing. Even assuming the information is new as intended by the parameters of I.C.R. 35, we are unpersuaded by Kiefer's assertion that the district court "unduly limited" the information it considered in relation to its decision denying Kiefer's Rule 35 motion simply because the district court did not include more specific discussion of the contents of the mental health documents Kiefer submitted in support of his motion. The district court was aware of the basis of Kiefer's motion as reflected in its decision listing the documents Kiefer filed. The district court's ultimate determination that consideration of other factors, such as Kiefer's criminal history and the severity of the aggravated battery, warranted the sentence imposed was not an abuse of discretion.

Kiefer's judgment of conviction and sentence, and the district court's order denying Kiefer's Rule 35 motion, are affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.